UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE BARLOW and
CYNTHIA BARLOW,

Plaintiffs,

v. Case No: 2:26-cv-2189-SPC-NPM

AMERICAN BANKERS
INSURANCE COMPANY OF
FLORIDA,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant American Bankers Insurance Company of Florida's ("American Bankers") Motion to Dismiss. (Doc. 15). Plaintiffs Wayne Barlow and Cynthia Barlow oppose. (Doc. 16). For the reasons below, Defendant's motion is granted.

**BACKGROUND**

This breach of contract case arises from flood damage to the Barlows' home in Cape Coral, Florida. (Doc. 1 ¶¶ 1, 7). The Barlow's home was insured by a Standard Flood Insurance Policy ("SFIP") issued by American Bankers. (*Id.* ¶ 7). American Bankers is a Write-Your-Own ("WYO") insurance carrier,

who issued the policy pursuant to the National Flood Insurance Program (the "Program"). (*Id.* ¶ 1). The Federal Emergency Management Agency ("FEMA") administers the Program pursuant to the National Flood Insurance Act ("Act").[1]

After the Barlows' home was damaged, they timely reported the tile floorings' damage to American Bankers. (*Id.* ¶¶ 11–12). While American Bankers issued two payments on the claim in January 2023 and August 2025, these payments were only for cleaning and drying the existing floor. (*Id.* ¶ 14). As the adjustment process played out, American Bankers sent three letters of particular relevance. (*Id.* ¶¶ 16–17; Doc. 15-1 at 2–3).

The first letter was dated October 26, 2023 (the "October 2023 Letter"). (Doc. 15-1 at 2). The October 2023 Letter notified the Barlows that the "estimate provided by the Horizon Public Adjusters has no supporting documentation to address the tile flooring or price differences." (*Id.*). It went on to outline that the estimate provided by the adjusters included two charges

---

[1] Congress enacted the Act to provide affordable flood insurance in areas where it is uneconomical for the private market to do so. *Fla. Key Deer v. Paulison*, 522 F.3d 1133, 1136 (11th Cir. 2008). The Act authorizes FEMA to establish and administer the Program. *Id.* FEMA uses WYO companies like American Bankers to help issue and administrate SFIPs. *Newton v. Cap. Assur. Co.*, 245 F.3d 1306, 1308 (11th Cir. 2001). As "fiscal agents" of the United States, WYO companies must strictly adhere to SFIP requirements and adjust claims in accordance with the Program guidelines. *Id.* at 1311–12. Also, "the insured must adhere strictly to the requirements of the [SFIP] before any monetary claim can be awarded against the government." *Sanz v. U.S. Sec. Inc., Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003).

that were not covered by the policy—"Content manipulation and final cleaning." (*Id.*). Ultimately, it concluded that American Bankers "cannot respond to assist you with your Request for Additional Payment for this claim at this time[,]" and included an attachment explaining their rights "concerning this denial[.]" (*Id.* at 2–3).

The second letter was dated August 18, 2025 (the "August 2025 Letter"). (Doc. 1 ¶ 16). The August 2025 Letter denied the tile removal and replacement claim because there was "no evidence of direct damage from the flood waters[.]" (*Id.*) After the August 2025 letter, however, American Bankers obtained a report from its engineering consultants that claimed the tile damage was from "material shrinkage and long-term age-related deterioration," not "moving floodwater[.]" (*Id.* ¶ 17). American Bankers then cited the report in the third letter dated November 3, 2025 (the "November 2025 Letter") that again denied the Barlows' claim to replace the tile floor. (*Id.*)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint needs sufficient factual allegations, accepted as true, to show the claim is plausible on its face. *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346 (11th Cir. 2025). To be facially plausible, the plaintiff must plead facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 1347. Courts draw on their judicial experience and common sense to determine whether a complaint states a plausible claim. *Id.* The Court conducts a two-step process for a motion to dismiss. First, it determines what must be pled for each cause of action. *Id.* Next, the Court considers whether the well-pleaded factual allegations plausibly suggest an entitlement to relief. *Id.*

In deciding a motion to dismiss, district courts generally must limit their consideration to the pleadings and any exhibits attached to the pleadings. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). When the Court considers evidence outside the complaint, the motion to dismiss must be converted into a motion for summary judgment, unless the evidence can be considered under the incorporation-by-reference doctrine or judicial notice. *Baker v. City of Madison*, 67 F.4th 1268, 1276–77 (11th Cir. 2023) (quotations

omitted). The incorporation-by-reference doctrine permits a court to properly consider documents not referred to or attached to a complaint "if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

**DISCUSSION**

American Bankers argues the Barlows' claim is time-barred because they failed to bring it within one-year of the October 2023 letter. (Doc. 15 at 10–16). The Barlows, however, contend the October 2023 letter expressly limited its denial to "[c]ontent manipulation and final cleaning." (Doc. 16 at 8–11). The Court finds the October 2023 letter is a denial letter for the tile flooring claim.

In determining whether the October 2023 Letter was a proper disallowance, the Court "closely examines the letter's content." *See Caruso v. First Protective Ins. Co.*, No. 2:24-cv-615-SPC-KCD, 2025 WL 448953, at *2 (M.D. Fla. Feb. 10, 2025) (quoting *Palmer v. Selective Ins. Co., Inc.*, No. CV 24-1599, 2024 WL 5126265, at *4 (E.D. Pa. Dec. 16, 2024)). The letter need only be "sufficient to put an insured on notice that a part of her claim has been disallowed" to trigger the one-year statute of limitations. *See 4922 Mgmt. LLC v. Selective Ins. Co.*, No. 2:24-cv-894-SPC-NPM, 2025 WL 417701, at *2 (M.D.

Fla. Feb. 6, 2025) (quoting *Sylve v. Am. Bankers Ins. of Fla.*, No. 2:23-cv-04068, 2024 WL 422063, at *3 (E.D. La. Feb. 5, 2024)); 42 U.S.C. § 4072 (providing the one-year limitation period).

The letter reads in pertinent part:

> We have reviewed the Adjuster's Request for Additional Payment and found an estimate of repairs was submitted by Horizon Public Adjusters on your behalf. The estimate provided by the Horizon Public Adjusters has no supporting documentation to address the tile flooring or price differences. The Horizon's Public Adjuster's Estimate also included items that are not covered under the policy. These charges include: Content manipulation and final cleaning. . . . We regret we are unable to include payment for the charges listed above and must deny payment pursuant to the applicable policy language.
>
> At this time, we have determined that your flood insurance policy cannot respond to assist you with your Request for Additional Payment for this claim at this time.
>
> You do not need to take any further action. However, if you wish to take further action concerning this denial, the Policyholder Rights document attached to this letter explains your options, several of which require prompt action.

(Doc. 15-1 at 2).[2]

The October 2023 Letter was sufficient to trigger the statute of limitations. True, the letter asserts American Bankers cannot "include

[2] It is unclear if Plaintiffs object to the Defendant's attachment of the October 2023 letter for consideration in the motion to dismiss. To the extent that any objection is made, the Court may consider documents attached if they are "central" to the plaintiff's claims and the authenticity of the documents is unchallenged. *See Johnson*, 107 F.4th at 1300. The denial letter is central to the breach of contract claim because it controls the relevant statute of limitations period, and the Plaintiffs did not challenge the letter's authenticity. *See, e.g.*, *4922 Management LLC*, 2025 WL 417701, at *1. So, the Court considers it.

payment for the charges listed above," *i.e.*, Content manipulation and final cleaning. But this ignores the remaining portions of the letter. The letter continues that American Bankers "cannot respond to assist with your Request for Additional payment for this claim at this time," which explicitly included an estimate of repairs for the tile flooring. Though the letter lacked specific dollar amounts or policy exclusions, this is not fatal as the intent of the letter is clear—*i.e.*, denying the entire Request for Additional Payment. *See State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817,819 (6th Cir. 1988). As such, the tile flooring claim was disallowed in October 2023.

Further, the Barlows arguments in opposition are unpersuasive. First, Plaintiffs contend that by the inclusion of "at this time," it does not constitute a final disallowance but rather a documentation shortfall. (Doc. 16 at 16). But other courts have found that the limitations period is still triggered even if additional documentation is subsequently submitted or the adjusting process continues. *See Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 781 (5th Cir. 2019) (finding a denial letter triggered the limitations period when it denied coverage for various claimed items pending additional documentation); *Palmer*, 2024 WL 5126265, at *5 (finding the denial letter constituted a disallowance under § 4072 even though the plaintiffs continued to provide additional requested documentation after receiving the letter). So, Plaintiffs' first argument fails.

So too does the Barlows' next argument fail. Plaintiffs argue that American Bankers' supplemental payments, the retainer of an engineering consultant, and subsequent denials show that the October 2023 Letter is not a denial letter. But simply because an insurer provides additional payments or continues to review documents submitted that does not affect the running of the limitations period. *See Lionheart Holding GRP v. Phila Contribution Ship Ins.*, 368 F. App'x 282, 284–85 (3d Cir. 2010) (holding that a partial denial letter triggered the statute of limitations even though the parties continued to engage in a "lengthy . . . investigation and adjustment process" for claims related to the same flooding event); *Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 521 (9th Cir. 1988) (explaining that once the statute of limitations is triggered, "reconsideration of that denial or responding to further inquiries about the case has no effect on the running of the limitations period"); *St. Germain Place Owners Ass'n, Inc. v. Tex. Farmers Ins. Co.*, No. G-11-071, 2012 WL 2564441, at *2 (S.D. Tex. June 29, 2012) (collecting cases).

Since the October 2023 Letter is a denial letter, the statute of limitations began to run on October 26, 2023. The lawsuit was filed on July 14, 2026, almost 34 months after the denial letter. As a result, the lawsuit is barred by the statute of limitations. The case is thus dismissed with prejudice.

Accordingly, it is

**ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. 15) is **GRANTED.**

(2) The Complaint is **DISMISSED WITH PREJUDICE** based on the applicable statute of limitations**.**

(3) The Clerk shall enter judgment accordingly, terminate all pending deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on October 5, 2026.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: Parties of record